1  SEYFARTH SHAW LLP
   Jon D. Meer (SBN 144389)
2  E-mail:  jmeer@seyfarth.com
   Jonathan L. Brophy (SBN 245223)
3  E-mail:  jbrophy@seyfarth.com
   Kelly A. Cohen (SBN 283594)
4  kcohen@seyfarth.com
   2029 Century Park East, Suite 3500
5  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
6  Facsimile:    (310) 201-5219

7  Attorneys for Defendants
   DELAWARE NORTH COMPANIES, INC.
8  and PATINA RESTAURANT GROUP, LLC

9

10                   UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12

13 GREGG CASEY WIELE, an individual,    |  Case No. 2:21-cv-7271
14                                       |
                        Plaintiff,       |  **DEFENDANTS' NOTICE OF
15                                       |  REMOVAL OF CIVIL ACTION TO
           v.                            |  UNITED STATES DISTRICT
16                                       |  COURT PURSUANT TO
   DELAWARE NORTH, INC.; PATINA          |  DIVERSITY OF CITIZENSHIP
17 RESTAURANT GROUP; a California        |  JURISDICTION [28 U.S.C.
   Limited Liability Corporation; and DOES 1 |  SECTIONS 1332 AND 1441]**
18 through 50, inclusive,                |
                                         |  (Los Angeles County Superior Court
19                      Defendants.      |  Case No. 21STCV22951)
20                                       |
21                                       |  Complaint Filed:     June 18, 2021
22                                       |  Trial Date:          None Set
23
24
25
26
27
28

74794694v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF GREGG CASEY WIELE AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Delaware North Companies, Inc. ("Delaware North") and Patina Restaurant Group, LLC ("Patina") (collectively "Defendants") hereby remove the above-referenced action from the Superior Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity of citizenship jurisdiction (28 U.S.C. § 1332) to the United States District Court for the Central District of California. This removal is proper for the following reasons:

## I.    BACKGROUND

1.      On June 18, 2021, Plaintiff Gregg Casey Wiele ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled, *Gregg Casey Wiele v. Delaware North, Inc., Patina Restaurant Group, A California Limited Liability Corporation; and DOES 1 through 50, inclusive*, Case No. 21STCV22951 (the "Complaint").

2.      The Complaint asserts eleven causes of action against Defendants: (1) Discrimination in Violation of FEHA; (2) Retaliation in Violation of FEHA; (3) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; (4) Retaliation in Violation of California Labor Code §§ 98.6-1102.5 et seq. ; (5) For Declaratory Judgment; (6) Unfair Competition (Bus. & Prof. Code §17200 et seq.; (7) Wrongful Termination in Violation of Public Policy; (8) Failure to Pay Wages; (9) Defamation Per Se; (10) Slander Per Se; and (11) Private Attorneys General Act.

3.      On August 12, 2021, Patina's registered agent for service of process received the Summons; the Civil Cover Sheet; the Civil Case Cover Sheet Addendum and Statement of Location; the Complaint; the First Amended General Order re Mandatory Electronic Filing; the forms for Stipulation - Discovery Resolution, Early Organizational Meeting, Informal Discovery Conference, and Stipulation and Order -

2

74794694v.1

Motions In Limine; the Alternative Dispute Resolution Information Package; and the Notice of Case Assignment.  A true and correct copy of the packet received by Patina's registered agent for service of process is attached as **Exhibit A.**

4.      Defendant Delaware North has not yet been served, but consents to the filing of this Notice of Removal.

5.      On September 9, 2021, Defendants timely filed their Answer to Plaintiff's Complaint in Los Angeles County Superior Court.  A true and correct copy of the Answer filed is attached as **Exhibit B**.

6.      Defendants have not filed or received any other pleadings or papers, other than the pleadings described as **Exhibits A** and **B** in this action prior to filing this Notice of Removal. (Declaration of Jonathan L. Brophy ["Brophy Dec."] ¶ 2.)

7.      Aside from the Case Management Conference and Order to Show Cause re: Failure to File Proof of Service scheduled for October 19, 2021, there are no pending hearings currently scheduled in the Los Angeles County Superior Court in the state court action. (Brophy Dec. ¶ 3.)

## II.     TIMELINESS OF REMOVAL

8.      The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *accord Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) ("We have also emphasized that a defendant does not have a duty of inquiry if the initial pleading or other document is indeterminate with respect to removability. Accordingly, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to

3

remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document."; citing *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005).)

9.     This Notice of Removal is timely because it is filed within thirty (30) days of Patina's receipt of the Summons and Complaint on August 12, 2021. 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal.")

## III.   <u>JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP</u>

10.     The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as it is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

### A.     Plaintiff Is A Citizen of California

11.     Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California.  As alleged in the Complaint, Plaintiff "is, and at all relevant times hereto was, a resident of the County of Los Angeles, State of California." (Ex. A, Compl. ¶ 2.)

12.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

13.     Patina's review of Plaintiff's personnel file and public records reveals that Plaintiff resides in Los Angeles, California. (Declaration of James Clarke "Clarke Decl." ¶ 11; Brophy Decl., ¶ 9, Ex. 4.)

74794694v.1

14.     Therefore, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**B.     Defendants Are Not Citizens Of California**

15.     Defendants are now, and were at the time of the filing of this action, citizens of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1). For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized and incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.,* 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

16.     The citizenship of a limited liability company is determined by the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

17.     Patina is a limited liability company formed under the laws of the State of Delaware. (Clarke Dec. ¶ 6.)

18.     Patina's sole member is Restaurant Hospitality LLC ("Restaurant Hospitality"). (Clarke Dec. ¶ 6.)

19.     Restaurant Hospitality is a limited liability company formed under the laws of the State of New York. (Clarke Dec. ¶ 7.)  Restaurant Hospitality's sole member is DNC Landmark Holdings, LLC ("DNC Landmark"). (Clarke Dec. ¶ 7.)

20.     DNC Landmark is a limited liability company formed under the laws of the State of Delaware. (Clarke Dec. ¶ 8.)  DNC Landmark's sole member is Delaware North (Clarke Dec. ¶ 8.)

21.     The United States Supreme Court in *The Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) ("*Hertz*"), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the**

5

**place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination,** *i.e.***, the "nerve center"**

....

*Hertz*, 559 U.S. at 92-93 (emphasis added).

22.     Delaware North is, and at the time of the commencement of this action was, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1).

23.     Delaware North is incorporated under the laws of the State of Delaware. (Clarke Dec. ¶ 9.) Further, as shown below, Delaware North's principal place of business is, and has been at all times since this action commenced, located in the State of New York. (Clarke Dec. ¶ 9.)

24.     Under the "nerve center" test, New York emerges as Delaware North's principal place of business. Delaware North's corporate headquarters are located in Buffalo, New York. (Clarke Dec. ¶ 9.) The leadership of Delaware North and major executive and administrative operations for Delaware North are found in Buffalo, New York. (Clarke Dec. ¶ 9.) Additionally, many of Delaware North's executive and administrative functions, are carried out in the Buffalo, New York office. (Clarke Dec. ¶ 9.) Therefore, for purposes of diversity of citizenship, Delaware North is, and has been at all times since this action commenced, a citizen of the State of New York. 28 U.S.C. § 1332(c)(1).

25.     Because Plaintiff is a citizen of California and Defendants are citizens of Delaware and New York, complete diversity exists.

**C.     Doe Defendants' Citizenship May Be Disregarded**

26.     Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe Defendants 1 through 50  does not deprive this Court of jurisdiction.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   **AMOUNT IN CONTROVERSY**

27.     While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount." (internal citation omitted)). As the Ninth Circuit explains, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (stating that courts may consider facts presented in the removal petition). In determining the amount in controversy, courts must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

28.     Where a complaint does not allege a specific amount in damages, as here, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. 28 U.S.C. § 1446(c)(2)(B); *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard"). The defendant must show that it is "more likely than not" that the jurisdictional threshold is met. *Sanchez*, 102 F.3d at 404 ("[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $50,000. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the

74794694v.1

amount in controversy exceeds that amount."); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

29.     To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

30.     The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is **not** obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted; emphasis in original); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy.")

31.     It is well settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007). But equally as important, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez*, 372 F.3d at 1117; *see also Rodriguez*, 728 F.3d at 981 (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007) (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

32.     Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  All calculations supporting the amount in controversy are

DEFENDANTS' NOTICE OF REMOVAL

74794694v.1

based on the Complaint's allegations, assuming, without any admission, the truth of the facts alleged and assuming liability is established.

### A.    Plaintiff's Claims Establish The Amount In Controversy

33.    Plaintiff claims in his Complaint that he "has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment and past and future lost wages." (Ex. A, Compl., ¶¶ 68.) Plaintiff further claims punitive damages, attorneys' fees, interest, and costs of suit. (Ex. A, Compl., Prayer for Relief, ¶¶ E-G.) Thus, it is more likely than not that the amount in controversy exceeds $75,000.

### B.    Compensatory Damages

34.    Plaintiff was employed with Defendants until approximately June 2020. (Ex. A Compl., ¶ 58.) As a result of the alleged wrongful conduct, Plaintiff alleges that he "is entitled to past and future lost wages, bonuses, commissions, benefits, and loss or diminution of earning capacity."  (Ex. A Compl., ¶¶ 69, 163.)

35.    ***Plaintiff's Income Establishes the Amount in Controversy***.  At the time of his termination, Plaintiff's job title was Director II - Culinary.  (Clarke Dec., ¶ 10.) Plaintiff's annual salary at the time of his termination was approximately $225,000, not including benefits. (Clarke Dec., ¶12.)

36.    Plaintiff alleges he was terminated on June 25, 2020. (Compl. ¶ 58.) Conservatively estimating a June 2022 trial date (twelve months after the Complaint was filed), Plaintiff's alleged lost wages alone would amount to approximately $550,000; i.e., two years between his alleged termination and trial and easily exceeds $75,000.

### C.    Emotional Distress Damages

37.    As noted above, Plaintiff also claims damages for emotional distress. (Ex. A, Compl., ¶¶ 68, 70, 149, 163, Prayer for Relief.) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination and similar cases commonly exceed $75,000.  (Brophy Dec., ¶ 4.)

74794694v.1

38.    Plaintiff's allegations that he was discriminated against and discharged because of age and sex/gender are similar to the issues in these cases. Defendants have attached these verdicts as **Exhibit 1** to the concurrently filed Declaration of Jonathan L. Brophy for the Court's review.

### D.    Attorneys' Fees and Costs

39.    Plaintiff also claims that he is entitled to attorneys' fees and costs (Ex. A, Compl., ¶¶ 83, 96, 102, 110, 119, 172; Prayer for Relief, ¶ G.) Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Recently, the Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.").

40.    Under California Government Code § 12965(b), courts may in their discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that courts "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. Of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).

41.    Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving claims similar to Plaintiff's claims. *See, e.g.*, *Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination case); *Davis v. Robert Bosch Tool Corp.*, 2007 WL

74794694v.1

2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorney's fees award of $490,000 for claims including discrimination); *McMillian v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct.) ($504,926 in attorneys' fees awarded in race discrimination case); *Wooley v. Jack in the Box Restaurant*, 2002 WL 31118460 (C.D. Cal.) ($160,293 in attorneys' fees awarded in race discrimination case). Defendants have attached these awards as **Exhibit 2** to the concurrently filed Declaration of Jonathan L. Brophy for the Court's review. (Brophy Dec. ¶ 5.)

42.     Based on defense counsel's experience, attorneys' fees in employment discrimination cases often exceed $75,000.  It is more likely than not that the fees in this case will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial.  (Brophy Decl., ¶ 7.)

43.     Defendants anticipate that in addition to having already prepared the Complaint, Plaintiff's attorneys in this case will have to engage in the following activities to litigate this matter: prepare Plaintiff for deposition; defend Plaintiff's deposition; prepare and respond to written discovery; prepare for and take depositions of defense witnesses; and oppose a motion for summary judgment.  (Brophy Decl., ¶¶ 6-7.)  Based on defense counsel's experience, attorneys' fees in employment wrongful termination or discrimination cases for these types of activities would exceed $75,000.  *See id.*

### E.     Punitive Damages

44.     Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy.  (Ex. A, Compl., ¶¶ 71, 82, 95, 101, 135, 150, 164; Prayer for Relief ¶ F.)

45.     A request for punitive damages must be taken into account for purposes of determining the amount in controversy where such damages are recoverable under state law.  *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (stating that punitive damages must be taken into account where recoverable under

11

state law).  A court may consider the aggregate value of claims for compensatory and punitive damages. *See Bell v. Preferred Life Ass'n Soc'y of Montgomery, Ala..*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount") (footnote omitted).

46.   Here, an award of punitive damages would by itself more likely than not exceed $75,000.  Defendants are large entities. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g.*, *Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). In *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award …. That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors …." (internal citations omitted). Therefore, Plaintiff's request for punitive damages weighs in favor of establishing the amount in controversy.

47.   Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged discrimination and retaliation cases. *See Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in a discrimination case); *Green vs. Las Flores Convalescent Hosp.*, 2008 WL 7950709 (Los Angeles Sup. Ct.) (punitive damages award of $1,237,086.00 in retaliation claim); *Bulow, M.D. v. N. Cnty. Ob-Gyn Med. Grp. Inc.*, 2008 WL 2185091 (Unknown Cal. Sup. Ct.) (award of $105,000 for punitive damages on

DEFENDANTS' NOTICE OF REMOVAL
74794694v.1

retaliation claim). Defendants have attached a sampling of these verdicts as **Exhibit 3** to the Declaration of Jonathan L. Brophy for the Court's review. (Brophy Dec. ¶ 8.)

48.     Based upon the allegations contained in Plaintiff's Complaint, Defendants are informed and believe that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1). This action is therefore proper for removal to this Court.

## V.     VENUE

49.     Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1391(a), 1441 and 1446(a).  This action originally was brought in the Superior Court of the State of California for the County of Los Angeles, which is located within the Central District of California. 28 U.S.C. § 84(c). Further, as discussed above, Plaintiff is a citizen of California, residing in the County of Los Angeles. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The County of Los Angeles is located within the jurisdiction of the United States District Court, Central District of California, Western Division. 28 U.S.C. § 84(c)(2).

## VI.     NOTICE OF REMOVAL

50.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## VII.     PRAYER FOR REMOVAL

Wherefore, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

74794694v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED: September 10, 2021                    SEYFARTH SHAW LLP

                                             /s/Kelly A. Cohen
                                             Jon D. Meer
                                             Jonathan L. Brophy
                                             Kelly A. Cohen
                                             Attorneys for Defendants
                                             DELAWARE NORTH COMPANIES,
                                             INC. and PATINA RESTAURANT
                                             GROUP, LLC

DEFENDANTS' NOTICE OF REMOVAL

74794694v.1