**EXHIBIT   A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DELAWARE NORTH, INC; PATINA RESTAURANT GROUP, a California
Limited Liability Corporation; DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GREGG CASEY WIELE, as an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | **CASE NUMBER:** *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* STANLEY MOSK COURTHOUSE | 21STCV22951 |
| 111 NORTH HILL STREET | |
| LOS ANGELES, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* KYLE S. WIELE SBN297085;

LAW OFFICE OF KYLE S. WIELE; 650 FOOTHILL BLVD., #B2, LA CANADA, CA 91011; (626) 817-2360

| DATE: 07/19/2021 | Sherri R. Carter Executive Officer/ Clerk of Court | M. Mariano | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* PATINA RESTAURANT GROUP, a California Limited Liability Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>KYLE S. WIELE ESQ., (SBN 297085)<br>650 FOOTHILL BOULEVARD SUITE B2<br>LA CANADA, CA 91011 | *FOR COURT USE ONLY* |

TELEPHONE NO.: (626)817-2360    FAX NO. *(Optional):* (626)507-3110
ATTORNEY FOR *(Name):* GREGG CASEY WIELE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES 90012
BRANCH NAME: STANLEY MOSK

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**   [ ] **Limited**<br>(Amount       (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCV22951<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify):* 11
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 06/16/2021
KYLE S. WIELE ESQ
_____      ►
(TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

---

**CIVIL CASE COVER SHEET**

| SHORT TITLE: WIELE VS DELAWARE NORTH INC ET AL. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: WIELE VS DELAWARE NORTH INC ET AL. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, ③ |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: WIELE VS DELAWARE NORTH INC ET AL. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160  Abstract of Judgment | 2, 6 |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐  A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐  A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐  A6190  Election Contest | 2 |
| | | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: WIELE VS DELAWARE NORTH INC ET AL. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 1150 S. OLIVE ST. LOS ANGELES, CA 90015 |
|---|---|

| CITY: LOS ANGELES | STATE: CA | ZIP CODE: 90015 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the **CENTRAL** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 06/16/2021

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Electronically FILED by Superior Court of California, County of Los Angeles on 06/18/2021 04:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Nairo, Deputy Clerk

Case 2:21-cv-07371-SB-AS Document 1-1 Filed 09/14/21 Page 9 of 63 Page ID #:23

21STCV22951

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Elaine Lu

1   Kyle S Wiele, Esq. (SBN 297085)
    **LAW OFFICE OF KYLE S. WIELE**
    650 Foothill Boulevard, Suite B2
2   La Canada, CA 91011GWI
    Telephone:    (626) 817-2360
3   Facsimile:    (626) 507-3310

4   Attorney for Plaintiff,
    GREGG CASEY WIELE

5

6               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7            **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

8

9   GREGG CASEY WIELE, as an individual,        Case No:   21STCV22951

10              Plaintiff,

11      vs.                                       **COMPLAINT FOR DAMAGES FOR:**

        DELAWARE NORTH, INC.; PATINA            1.  **DISCRIMINATION IN**
12      RESTAURANT GROUP, a California Limited       **VIOLATION OF GOV'T CODE**
        Liability Corporation; and DOES 1-50,        **§§12940 ET SEQ.;**
13      inclusive
                                                 2.  **RETALIATION IN VIOLATION**
14              Defendants.                           **OF CALIFORNIA FEHA GOVT**
                                                      **CODE § 12900 ET SEQ.;**
15
                                                 3.  **FAILURE TO PREVENT AND**
16                                                    **REMEDY UNLAWFUL**
                                                      **DISCRIMINATION AND**
17                                                    **RETALIATIONIN**
                                                      **VIOLATION OF GOV'T CODE**
18                                                    **§12940(k);**

                                                 4.  **RETALIATION IN VIOLATION**
19                                                    **OF CALIFORNIA LABOR CODE**
                                                      **§§ 98.6- 1102.5 ET SEQ.;**
20
                                                 5.  **FOR DECLARATORY**
21                                                    **JUDGEMNT;**

22                                               6.  **UNFAIR COMPETITION (BUS. &**
                                                      **PROF. CODE § 17200 ET SEQ.);**
23
                                                 7.  **WRONGFUL TERMINATION**
24                                                    **IN VIOLATION OF PUBLIC**
                                                      **POLICY**
25
                                                 8.  **FAILURE TO PAY WAGES (**

                            **COMPLAINT**

                                -1-

1

          **CAL. LABOR CODE §§ 201, 1194)**

2

     9.  **DEFAMATION PER SE; and**

3

    10. **SLANDER PER SE.**

4

5

    11. **PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE § 2699, ET SEQ);**

6

7

**DEMAND OVER $25,000**
**JURY TRIAL DEMANDED**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**COMPLAINT**

**COMES NOW PLAINTIFF, GREGG CASEY WIELE,** by and through his attorneys of record, The Law Office of Kyle S. Wiele, as and for his Complaint in this action against Delaware North, Inc., Patina Restaurant Group (Delaware North/ PRG and the "Company"), and Does 1-50 inclusive (the "Doe Defendant"), (Delaware North / PRG and Doe Defendants, collectively ("Defendants")) hereby alleges as follows:

**JURISDICTION**

1. This court is the proper court, and this action is properly filed in Los Angeles County, as a result of Defendant's obligations and liabilities which arise there in; because Defendants maintain offices and transact business within Los Angeles County; and because the work and harm that is subject of this action was performed and executed in Los Angeles County.

**THE PARTIES**

2.   Plaintiff, GREGG CASEY WIELE, is and was at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.   Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, were, and are, an incorporated business entities doing business in the County of Los Angeles, State of California.

4.   Plaintiff is informed and believes, and based thereupon alleges that at all times relevant hereto, Defendants, were a Limited Liability Company doing business and operating within the County of Los Angeles, State of California.

5.   At all times relevant herein, Defendants and Does 1-50 were Plaintiff's employers, joint employers, and/or special employers within the meaning of Government Code §§ 12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and

**COMPLAINT**

-3-

1    regularly employ five (5) or more persons and therefore are subject to the jurisdiction of this

2    court.

3        6.    At all times relevant herein, Defendants and Does 1-50 were Plaintiff's

4    employers, joint employers, and/or special employers within the meaning of the California Labor

5    Code and Industrial Welfare Commission Order No. 4-2001 and are each any "employer or

6    another person acting on behalf of an employer" as such term is used in Labor Code § 558, and

7    liable to Plaintiff on that basis.

8        7.    The true names and capacities, whether individual, corporate, associate, or

9    otherwise, of Defendants named herein as Does 1-50, inclusive, are unknown to Plaintiff at this

10   time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to

11   amend this complaint to insert the true names and capacities of said Defendants upon the same

12   becoming known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges,

13   that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein

14   and are therefore liable to Plaintiff as alleged hereinafter.

15

16       8.    Plaintiff is informed and believes, and based thereupon alleges, that at all times

17   relevant hereto, Defendants, and each of them, were the agents, employees, managing agents,

18   supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or

19   joint-ventures of the other Defendants, and each of them, and in doing the things alleged herein,

20   were acting at least in part within the course and scope of said agency, employment, conspiracy,

21   joint employer, alter ego status, successor status, and/or joint venture and with the permission

22   and consent of each of the other Defendants.

23       9.    Plaintiff is informed and believes, and based thereupon, alleges that Defendants,

24   and each of them, including those Defendants named as Does 1-50, acted in concert with ne

25

**COMPLAINT**

-4-

another to commit the wrongful acts alleged herein, and aided, abetted, incited, compeled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code § 12940(i). Plaintiff is further informed and believes, and based thereupon, alleges that Defendants, and each of them, including those Defendants named as Does 1-50, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause, and actually causing Plaintiff harm.

10.    Whenever and wherever reference is made in this compliant to any act or failure to act by Defendants or co- Defendants, such allegation and reference shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly, and severally.

11.    Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination and/or retaliation, and wrongful termination under Government Code §§ 12940, et seq., the California Far Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

\\\\
\\\\

\\\\
\\\\

**COMPLAINT**

## ALTER EGO, AGENCY, SUCCESSOR, AND JOINT EMPLOYER

12.     Plaintiff is informed and believes, and based thereon, alleges, that there exist such a unity of interest and ownership between Defendants and Does 1-50 that the individuality of defendants has ceased to exist.

13.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendants and Does 1-50 are in reality one and the same, including, but not limited to because:

a.     Employer are completely dominated and controlled by one another and Does 1-50, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently continue to hide behind Defendants to perpetuate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     Defendants and Does 1-50 derive actual and significant monetary beneits by and through one another's unlawful conduct, and by using one another as the funding source of their own personal expenditures.

c.     Defendants and Does 1-50, while actually one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.     Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.     The business affairs of Defendants and Does 1-50 are, and at all relevant times were, so tangled and intermingled that the same cannot be reasonably segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used by one another and Does 1-50 as a mere shell and conduit for the conduit of certain Defendant's

affairs, and are, and were, the alter ego of one another and Does 1-50. The recognition of separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other Statutory violations. The corporate existence of Defendants and Does 1-50 should be disregarded in equity and for the ends of justice; any such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

14.     Accordingly, Defendants constitute the alter ego of one another and Does 1-50, and the fiction of their separate existence must be disregarded.

15.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants and Does 1-50 are Plaintiff's joint employers by virtue of joint enterprise and that Plaintiff was an employee of Employers and Does 1-50. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendant's business was and is conducted.

16.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between Does 1-50, Defendants, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Defendants and/or Does 1-50 agreed to be liable for the debts of the other Defendants, (2) the transaction between Defendants and/or Does 1-50 amounts to a consolidation or merger of the two corporations, (3) Defendants and/or Does 1-50 are a mere continuation of the other Defendants, or (4) the transfer of assets to Defendants and/or Does 1-50 is for the fraudulent purpose of escaping liability for Defendant's debts. Accordingly, Defendants and/or Does 1-50 are the successors of one or more of the other Defendants and are liable on that basis.

## FACTUAL ALLEGATIONS

17.     In, or around, 1999, Defendants hired Plaintiff in the capacity of full-time delivery driver, non-exempt employee status.

18.     Over the ensuing nearly 22 years, Plaintiff worked for Defendants and received promotions of Chef De Cuisine, Executive Chef of the San Francisco Opera House and War Memorial, Regional Executive Chef of Patina Orange County, Corporate Executive Chef, Culinary Director, and most recently, Vice President of Culinary Operations.

19.     Between the period of June 2019 and June 2020, Plaintiff was paid an annual salary of $250,000.00 in addition to applicable bonuses, worth up to 1/3 of the salary amount.

20.     At the time of Plaintiff's termination, Plaintiff was 41 years old.

21.     Through the period of 2017 – 2020 Plaintiff did not have a fixed work schedule and regularly worked in excess of 50 hours per week, up to 7 days per week.

22.     Throughout Plaintiff's employment, Plaintiff was not permitted to, nor advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked, or substantial portion thereof.

23.     Throughout his employment with Defendant, Plaintiff maintained an impeccable personal record void of disciplinary action nor negative remarks.

24.     In or around 2018 Plaintiff was violently assaulted by Morell Marean, former Vice President of Defendants. This same day this incident was reported by Plaintiff to Joachim Splichal, Owner of Defendants.

25.     On, or around, December 19, 2018 plaintiff informed Lou Piuggi of the prior days assault. At this time the plaintiff was suggested to report the incident to Tom Barney or Sue Scott.

COMPLAINT

-8-

26.     On, or around, December 20, 2018 plaintiff requested a confidential meeting via E-mail with Tom Barney. Upon further discussion plaintiff was informed this issue would be looked into.

27.     Over the nine months following December 2018, despite reporting incidents of harassment and assault to defendants, Plaintiff continued to suffer a continued patter of harassment and assault at the hands of Mr. Marean.

28.     In, or around, April 2020 plaintiff followed up with defendant's director of human resources, Cesar de la Cruz, at which time plaintiff was informed no action had been taken on his prior complaints or the reported assault.

29.     Defendant's maintain an Employee Handbook which contains all progressive disciplinary procedures and process for reporting complaints of harassment and assault.

30.     From the time of Plaintiff's reporting of an assault, he faced a consistent pattern of being targeted and harassed by those on the executive team.

31.     Despite years of prior precedent, and contrary to defendants own policy and procedures, on or around February 25, 2019 plaintiff was required to submit a self-performance evaluation and bonus justification to defendants. With no ensuing explanation or justification, again despite prior years of precedents, plaintiff was denied the full entitled bonus of this year.

32.     In or around June 2019 plaintiff received bonus criteria from defendant's Total Rewards department documenting the necessary performance criteria to obtain bonus for the year. These bonus goals were confirmed by then acting chief operating officer of Defendants, Julian Griffiths.

33.     Despite the previously issued and signed bonus criteria for the fiscal year of 2019, on March 9, 2020 plaintiff was forwarded an amended bonus criteria with no further explanation

of changes or increases in bonus goals by Tom Barney, simply indicating that the plaintiff is not entitled to the earned bonus monies.

34.    In, or around September 2019, plaintiff was requested by Chris Harter, Sue Scott, and Tom Barney, to provide a written list of subsidiary shortcomings and highlights for the year.

35.    In response to this request, plaintiff provided a written list of past efficiencies and shortcomings, highlighting the negative impacts on business performance.

36.    In response to the provided list of corporate shortcoming, Plaintiff experienced and increase of daily harassment and retaliation.

37.    Throughout the early days of the COVID-19 pandemic, Plaintiff was required to engage in extensive duties and obligations well in excess of those under the purview of his given job title and written job descriptions.

38.    Throughout the same time Defendant's reduced the national workforce for the subsidiary from over 6000 employees to fewer than 40, including only 15 employees on the West Coast.

39.    As a result of the extreme reduction in staff, Plaintiff was forced to engage in duties in excess of his exempt employment status in order to satisfy operational gaps in excess workloads.

40.    Between the period of March 13, 2020 and March 27, 2020 defendants hosted twice daily "Touch Base" meetings seven days per week that the Plaintiff was required to attend.

41.    From on or around March 13, 2020 through his termination, plaintiff worked a minimum of 12 hours per day seven days per week under the express orders of Sallie Reid that days off and sick time were not allowed to be utilized unless those utilizing the same were willing to accept a consequence of an employment furlough.

**COMPLAINT**

42.     On or around March 25, 2020 defendants informed all hourly employees and a significant number of salaried employees they were being placed on Business Disruptive Leave.

43.     Between March 30, 2020 and April 6, 2020 daily "Leadership Business Update East/West Coast" meetings were organized by defendants and attended by Plaintiff. During these meetings the Patina West Coast Operational team, including Plaintiff, were given explicit authority to use all active and salaried chefs and managers at any needed locations, by Sallie Reid, and acquiesced to by Tom Barney, Chris Harter, and Bob Wilson. This directive and open availability of all active salaried employees was confirmed by Sallie Reid via June 18, 2020 phone conference.

44.     During these meetings Plaintiff was informed to "keep building sales by any means."

45.     At the behest of Defendant's mandates issued by Sallie Reid, Tom Barney, Chris Harter, and Bob Wilson, Plaintiff was instrumental in establishing and growing the Patina Cares program.

46.     Through the Patina Cares program weekly meals were prepared and provided to thousands of hospital front line workers in addition to over 10,000 meals throughout seven (7) local homeless shelters. Through this time daily updates of employee utilization and program efforts were provided to Chris Harter and the rest of Defendant's executive team; as a result of Plaintiff's efforts, he was recognized on the Dr. Drew Podcast with accompanying posts on Dr. Drew's Instagram and Twitter feeds.

47.     Throughout the time of the Patina Cares program, Plaintiff reported complaints of orthopedic pain as well as made requests for basic personal protective equipment (PPE) such as masks to defendants.

48.     Despite numerous requests, PPE and medical treatment were denied, forcing Plaintiff to coordinate logistics, loading and unloading of thousands of meals, personally deliver said meals to high risk Covid populations, while continuing to be reminded by Sallie Reid that the utilization of sick time during a global pandemic was not allowed to be utilized.

49.     Throughout this time, deliveries were required to be made by Plaintiff utilizing his personal vehicle.

50.     When defendants were informed that staff planned on purchasing PPE with their own monies, Sallie Reid issued a directive that Plaintiff and remaining staff were **not** permitted to utilize such equipment.

51.     After continued denial of basic PPE to ensure plaintiff's well-being at the behest of Sallie Reid, these concerns were reported to Joachim Splichael and Defendant's executive team to no avail.

52.     On, or around, April 13, 2020 all West Coast Patina units were closed. All remaining West Coast leadership team for Defendant's, including Plaintiff, David Stork, Christian Muniz, Summer Stearns, Ari Chaet, Vista Murphy, and Megan Logan, were tasked with creating restaurant rebuild plans.

53.     Between April 13, 2020 and May 14, 2020 Plaintiff engaged in the design of restaurant rebuild plans while continuing to oversee the facilities at all previously shuttered locations.

54.     Throughout this time, Plaintiff continued to report complaints of ongoing fatigue and back pain, however, was continually informed by Sallie Reid that sick time was not to be utilized.

**COMPLAINT**

55.     On May 15, 2020 Descanso Gardens re-opened with Defendants operating their outdoor garden café.

56.     Chris Harter eliminated the sole hourly cook at this location, charging Plaintiff with yet more duties for physically reopening this location, in addition to the aforementioned rebuild plans.

57.     On June 18, 2020 Plaintiff was informed by Bob Wilson and Sallie Reid that he was suspended from employment with Defendant's pending investigation, while being assured he was not being accused of any wrong doing.

58.     On June 25, 2020 Plaintiff was terminated by Tom Barney and Sallie Reid for a "violation of values."

59.     On June 26, 2020 Plaintiff received a telephone call from Sallie Reid and Tom Barney indicating remorse for the actions and a desire "to do right by you."

60.     On the same date, the two remaining male Vice Presidents of Operations, Christian Muniz and David Stork, both over 40 years of age, received identical notices of termination.

61.     All positions were replaced by Defendants with younger, less experienced, female counterparts.

62.     Upon receiving final pay, Defendant's issued 240 hours of vacation pay at a unilaterally reduced rate, a rate different that that in which the benefits were accrued.

63.     Within weeks of Plaintiff's termination, his wife, whom also was employed by Defendants, received a near identical investigation and termination.

**COMPLAINT**

-13-

64.     On September 11, 2020 Cherie Yuen, General Manager for Defendant's, advanced the false narrative to the Chief Financial Officer of Bowers Museum, Thuy Nguyen, that Plaintiff was engaging in the business of stealing clients.

65.     Defendants discriminated and retaliated against Plaintiff by wrongfully terminating Plaintiff for engaging in protected activities; Plaintiff obtained a DFEH Right to Sue on February 16, 2021, amended on June 16, 2021.

66.     Plaintiff's termination was substantially motivated by Plaintiff's age, sex, gender, sexual orientation, real or perceived, and/or engagement in protected activities. Defendant's discriminatory animus is evidenced by the previously mentioned facts.

67.     Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendant's officers, directors and/or managing agents, and those identified here in as Sallie Reid, Bob Wilson, Chris Harter, Tom Barney, and Joachiam Splichal, and Does 1-50, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as Does 1-50, inclusive.

68.     As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

**COMPLAINT**

-14-

69.     As a result of the aforementioned, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits, and loss or diminution of earning capacity.

70.     Plaintiff claims general damages for emotional and mental distress and aggravation in sum excess of the jurisdictional minimum of this court.

71.     Because the acts taken toward plaintiff were carried out by officers, directors, and/or managing agents acting in a deliberate, cold, callous, cruel, and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

## FIRST CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.: AGAINST ALL DEFENDANTS

72.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 67, inclusive, as though set forth in full herein.

73.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

74.     As such term is used under FEHA, "on the based enumerated in this part" means or refers to the discrimination on the bases of one or more of the protected characteristics under FEHA.

75.     FEHA requires Defendants to regain from discriminating against an employee on the basis of age, sex, gender, sexual orientation, real or perceived, and to prevent discrimination on the basis of age, sexual orientation, real or perceived, and engagement in protected activities from occurring.

76.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's age,

**COMPLAINT**

-15-

sex, gender, and sexual orientation, real or perceived.

77. At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

78. Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was thereby harmed.

79. Plaintiff is informed and believes that Plaintiff's age, sexual orientation, real or perceived, and/or some combination of the protected characteristics under Government Code § 12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

80. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

81. The damage allegations of Paragraphs 69 through 71, inclusive, are herein incorporated by reference.

82. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendant's to cause injury to Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights as such to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling plaintiff to punitive damages in an amount to punish or make an example of Defendants.

83. Pursuant to Government Code § 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**COMPLAINT**

-16-

**SECOND CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF CALIFORNIA FEHA GOVT CODE § 12900 ET SEQ.; AGAINST ALL DEFENDANTS**

84.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 68, inclusive, as though set forth in full herein.

85. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

86. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

87.     Plaintiff engaged in the protected activities of complaining about and protesting Defendant's discriminatory conduct towards Plaintiff based upon Plaintiff's age, sex, gender, and sexual orientation, real or perceived.

88.     Plaintiff engaged in the protected activities of reporting harassment and whistle blowing.

89.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

90.     Plaintiff is informed and believes that Plaintiff's conduct of complaining about and protesting about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

91.     Defendants violated FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

**COMPLAINT**

-17-

1    92.    Plaintiff is informed and believes, and based thereon alleges, that the above acts

2    of retaliation committed by Defendants were done with the knowledge, consent, and/or

3    ratification of, or at the direction of, each other Defendant and their other Managers.

4    93.    The above said acts of defendants constitute violations of the FEHA and were a

5    proximate cause in the Plaintiff's damages as stated below.

6    94.    The damage allegations of Paragraphs 69 through 71, inclusive, are herein

7    incorporated by reference.

8    95.    The foregoing conduct of Defendants individually, or by and through their

9    officers, directors and/or managing agents, was intended by the Defendants to cause injury to the

10   Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious

11   disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious

12   disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code

13   §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or

14   make an example of Defendants.

15   96.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

16   attorneys' fees and costs, including expert fees pursuant to the FEHA

17

18   **THIRD CAUSE OF ACTION FOR FAILURE TO PREVENT AND REMEDY
UNLAWFUL DISCRIMINATION AND RETIALIATION IN VIOLATION OF GOV'T
CODE §12940(k) AGAINST ALL DEFENDANTS**

19

20   97.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 68,

21   inclusive, as though set forth in full herein.

22

23   98.    At all times hereto, the FEHA, including in particular Government Code

24   §12940(k), was in full force and effect and was binding upon Defendants. This subsection

25   imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination

**COMPLAINT**

-18-

and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

99.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

100.    The damage allegations of Paragraphs 69 through 71, inclusive, are herein incorporated by reference.

101.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

102.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA

## FOURTH CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE §§ 98.6- 1102.5 ET SEQ.; AGAINST ALL DEFENDANTS

103.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 68, inclusive, as though set forth in full herein.

104.    Defendants are, and were, an employer as defined under California Labor Code §1102.5.

105.    Plaintiff was an employee as defined under California Labor Code § 1102.5.

COMPLAINT

-19-

106.    Defendant's actions against Plaintiff, as alleged above, constitute unlawful retaliation in employment in violation of California Labor Code §1102.5 because Defendant's terminated Plaintiff's employment on account of Plaintiff's disclosure of information to persons with authority over him that Plaintiff had a reasonable cause to believe a violation of state or federal law or a violation of noncompliance with a local, state, or federal rule or regulation, and/or because Defendants believed that Plaintiff disclosed or may have disclosed such information to a government or law enforcement agency.

107.    As a proximate result of defendant's retaliatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had not been terminated from Defendant. As a result of such retaliation and consequent harm, Plaintiff has suffered such damages as indicated below and subject to proof.

108.    The damage allegations of Paragraphs 69 through 71, inclusive, are herein incorporated by reference.

109.    As a further proximate result of Defendants' retaliatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employment-related opportunities. As a result of such retaliation and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

110.    As a further proximate result of Defendants' retaliatory actions against Plaintiff, as alleged above, Plaintiff has and continues to incur attorney's fees and costs to enforce his rights, which Plaintiff will seek to recover pursuant to California Code of Civil Procedure (CC) §1021.5.

## FIFTH CAUSE OF ACTION FOR DECLARATORY JUDGEMNT AGAINST ALL DEFENDANTS

**COMPLAINT**

111. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 111, inclusive, as fully set forth in full herein.

112. Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.
> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.
> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.
> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices. This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

113. Government Code §12920.5 embodies the intent of the California Legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

114. Moreover, Government code §12921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic

**COMPLAINT**

-21-

information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right

115.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's age, sex, gender, sexual orientation, real or perceived, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's age, sex, gender, sexual orientation, real or perceived, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's age, sex, gender, sexual orientation, real or perceived, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

116.   Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's age, sex, gender, sexual orientation, real or perceived, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

117.   A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of

the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

118.    A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

119.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys' fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

## SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION (BUS. & PROF. CODE § 17200 ET SEQ.) AGAINST ALL DEFENDANTS

120.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

121.    Defendants' violations of 8 Code of Regulations §11040, Industrial Welfare Commission Order No. 4-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5, 2699, and other applicable provisions, as alleged herein, including Defendants' failure to provide meal and rest breaks, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

122.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

COMPLAINT

-23-

123.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

## SEVENTH CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST ALL DEFENDANTS

124.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 68, inclusive as set forth in full herein.

125.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of age, sexual orientation, real or perceived, and from retaliating against any employee who engages in protected activity.

126.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of age, sexual orientation, real or perceived, and/or engagement in protected activity.

127.    Plaintiff believes and thereon alleges that Plaintiff's age, sexual orientation, real or perceived, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

128.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of age, sexual orientation, real or perceived, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

**COMPLAINT**

-24-

129.   The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

130.   At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee in violation of FEHA.

131.   Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

132.   At all relevant times mentioned in this complaint, Labor Code §98.6 was in full force and effect and was binding upon Defendants and each of them. This law prohibits retaliation against employees who complain about unpaid wages and/or attempt to exercise the rights under the Labor Code. Labor Code §98.6 reflects the State's broad public policy interest in protecting the rights of individual employees and job applicants who could not otherwise afford to protect themselves from violations of the Labor Code.

133.   Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's engagement in protected activities under Labor Code §98.6 was a proximate cause in Plaintiff's damages as stated below.

134.   The damage allegations of Paragraphs 69 through 71, inclusive, are herein incorporated by reference

135.   The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious

1  disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code

2  §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or

3  make an example of Defendants.

4  ## EIGHTH CAUSE OF ACTION FOR FAILURE TO PAY WAGES ( CAL. LABOR CODE §§ 201, 1194) AGAINST ALL DEFENDANTS

5  136.    Plaintiff re-alleges and incorporates by reference each of the forgoing

6  paragraphs as though set forth in full herein.

7

8  137.    At all relevant times, Defendants failed and refused to pay Plaintiff wages earned

9  and required by 8 Code of Regulations §11040, as set forth hereinabove.

10  138.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a

11  direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff

12  is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

13  139.    Defendant's denied Plaintiff proper pay for duties engaged in excess of Executive

14  Work Exemption.

15  140.    Labor Code §558(a) provides that any person acting on behalf of an employer

16  who violates, or causes to be violated, any statute or provision regulating hours and days of work

17  in any order of the Industrial Welfare Commission pay a civil penalty in the amount of $50.00

18  for each underpaid employee for each pay period in which the employee was underpaid in

19  addition to an amount sufficient to recover underpaid wages. Also, Labor Code §558(a) for each

20  subsequent violation, the person acting on behalf of an employer is liable in the amount of

21  $100.00 for each underpaid employee for each pay period for which the employee was underpaid

22  in addition to an amount sufficient to recover the underpaid wages.

23

24  ## NINTH CAUSE OF ACTION FOR DEFAMATION PER SE AGAINST ALL DEFENDANTS

25

**COMPLAINT**

141.  Plaintiff repeats, realleges, adopts, and incorporates herein each and every allegation contained in each of the preceding paragraphs as though fully set forth herein. Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause external statements of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statements that portrayed Plaintiff in a negative light and with questionable moral standards, questioning his ethical and legal obligations.

142.  Plaintiff is informed, believes, and fears that these false and defamatory per se statements will continue to be made by Defendants, and each of them, and will be foreseeably recirculated by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable statements, including his own compelled self-publication of these defamatory statements.

143.  The defamatory meaning of all of the above-described false and defamatory statements, and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

144.  None of Defendants' defamatory statements against Plaintiff referenced above are true.

145.  The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' statements, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

146.    Each of these false defamatory per se statements (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the statements, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, and to cause him to be turned down and/or fired from future employment, especially Los Angeles, California.

147.    Each of these statements by Defendants, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The Defendants published these statements knowing them to be false and unsubstantiated by any reasonable investigation. These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, and each of them, excessively, negligently and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

148.    The above complained-of statements by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment, and employability. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege but with negligence, recklessness, and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned statements.

**COMPLAINT**

-28-

1    149.    As a proximate result of the publication and republication of these defamatory

2    statements by Defendants, and each of them, Plaintiff has suffered injury to his personal,

3    business, and professional reputation including suffering embarrassment, humiliation, severe

4    emotional distress, shunning, anguish, fear, loss of employment, and employability, and

5    significant economic loss in the form of lost wages and future earnings, all to Plaintiff's

6    economic, emotional, and general damage in an amount according to proof.

7    150.    Defendants, and each of them, committed the acts alleged herein recklessly,

8    maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for

9    an improper and evil motive amounting to malice (as described above), and which abused and/or

10   prevented the existence of any conditional privilege, which in fact did not exist, and with a

11   reckless and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of

12   them, their agents and employees, herein alleged were known, ratified and approved by the

13   Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary

14   damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in

15   an amount based on the wealth and ability to pay according to proof at time of trial.

16   151.    Defendant's defamatory statements were a substantial factor in causing Plaintiff

17   harm.

18   152.    Plaintiff has been damaged in an amount in excess of the jurisdictional limits of

19   this court.

20   **TENTH CAUSE OF CATION FOR SLANDER PER SE AGAINST ALL DEFENDANTS**

21

22   153.    Plaintiff repeats, realleges, adopts, and incorporates herein each and every

23   allegation contained in each of the preceding paragraphs as though fully set forth herein. Plaintiff

24   is informed and believes Defendants, and each of them, by the herein-described acts, conspired

25   to, and in fact, did negligently, recklessly, and intentionally cause external statements of slander,

**COMPLAINT**

-29-

of and Plaintiff, to third persons and to the community. These false and slanderous statements included express and implied statements.

154.    During the above-described time-frame, Defendants, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited dissemination of slanderous statements, of and concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these Defendants disseminated this slander are believed to include, but are not limited to, other agents and employees of Defendants, and each of them, and the community, all of whom are known to Defendants, and each of them, but unknown at this time to Plaintiff.

155.    The slanderous statements consisted of oral, knowingly false, and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These statements included the above referenced false and slanderous statements (in violation of Civil Code §§ 45, 45a and 46(3)(5)).

156.    Plaintiff is informed, believes, and fears that these false and slanderous per se statements will continue to be made by Defendants, and each of them, and will be foreseeably recirculated by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable statements, including his own compelled self-publication of these slanderous statements.

157.    The slanderous meaning of all of the above-described false and slanderous statements and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

**COMPLAINT**

158.   None of the Defendants above Slanderous statements against Plaintiff referenced above are true.

159.   The above slanderous statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this slander will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' statements, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

160.   Each of these false slanderous per se statements (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the statements, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, and to cause him to be turned down and/or fired from future employment, especially in Los Angeles, California.

161.   Each of these statements by Defendants, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The Defendants published these statements knowing them to be false and unsubstantiated by any reasonable investigation. These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and, in fact, knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with

COMPLAINT

-31-

no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

162.    The above complained-of statements by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment, and employability. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness, and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned statements.

163.    As a proximate result of the publication and republication of these slanderous statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business, and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

164.    Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of them, their agents and employees, herein alleged were known, ratified, and approved by the Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary

1    damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in

2    an amount based on the wealth and ability to pay according to proof at time of trial.

3         165.    Defendant's slanderous statements were a substantial factor in causing Plaintiff

4    harm.

5         166.    Plaintiff has been damaged in an amount in excess of the jurisdictional limits of

6    this Court.

7

8    **ELEVENTH CAUSE OF ACTION FOR PRIVATE ATTORNEY GENERAL ACT (CAL.**
     **LABOR CODE § 2699, ET SEQ) AGAINST ALL DEFENDANTS**
9

10        167.    Plaintiff re-alleges and incorporates by reference each of the foregoing

11   paragraphs as though set forth in full herein.

12        168.    Under Labor Code §2699, Plaintiff, as an aggrieved employee, may bring an

13   action against Defendants, on behalf of himself and other current or former employees, seeking

14   statutory civil penalties for Defendants' violations of the California Labor Code.

15        169.    Plaintiff was an aggrieved employee within the meaning of Labor Code

16   §§2699(c) and 2699.3(a), as Defendants have committed multiple California Labor Code

17   violations against Plaintiff, as previously pleaded in this Complaint.

18        170.    As a direct and proximate result of Defendants' California Labor Code violations

19   as set forth in this Complaint, Plaintiff is entitled to civil penalties of $100.00 for each aggrieved

20   employee per pay period for the initial violation, and $200.00 for each aggrieved employee per

21   pay period for each subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code

22   sections not expressly providing for a penalty, and civil penalties provided by the specific Labor

23   Code sections that do expressly provide for a penalty, §§226.3, 226.7, 510, 512, and 558.

24        171.    Plaintiff may also seek these penalties on behalf of himself and these same

25   penalties on behalf of all other aggrieved employees.

1      172.   Plaintiff is also entitled to reasonable attorneys' fees and costs, and 25% of the

2      recovered civil penalties, pursuant to Labor Code §§2699(g)(1)-(i).

3                                     **PRAYER FOR RELIEF**

4      **WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an

5  amount according to proof as follows:

6      A.  A declaratory judgment that the actions, conduct, and practices of Defendants

7  complained of herein violated the laws of the State of California;

8      B.  An injunction and order permanently restraining Defendants from engaging in such

9  unlawful conduct;

10      C.  An award of damages, in a sum in excess of the jurisdictional minimum of the Superior

11  Court, to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all

12  monetary and/or economic harm, including, but not limited to, the loss of past and future income,

13  wages, compensation, and other benefits of employment;

14      D.  An award of damages, in a sum in excess of the jurisdictional minimum of the Superior

15  Court, to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-

16  monetary and compensatory harm, including, but not limited to, compensation for his depression,

17  humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence,

18  emotional pain and suffering, harm to his personal and professional reputations and loss of career

19  fulfillment;

20      E.  An award of damages for any and all other monetary and/or non-monetary losses suffered

21  by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

22      F.  An award of punitive damages pursuant to the FEHA;

23      G.  An award of costs that Plaintiff has incurring in this action, as well as Plaintiff's

24  reasonable attorneys' fees and costs of prosecuting this action to the fullest extent permitted by

25  law;

1    H. For such other and further relief as the Court deems just and proper

2                              **<u>JURY DEMAND</u>**

3         Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

4                                        Respectfully Submitted,

5

6    DATED:   June 16, 2021
                                    Kyle S Wiele, Esq.
7                                   The Law Office of Kyle S. Wiele
                                    Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**COMPLAINT**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

by _____ Deputy
    Elizabeth Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT — MANDATORY ELECTRONIC FILING FOR CIVIL. | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) "Bookmark" A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) "Efiling Portal" The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) "Electronic Envelope" A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) "Electronic Filing" Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) "Electronic Filing Service Provider"  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) "Electronic Signature"  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) "Hyperlink"  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) "Portable Document Format"  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

  i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

  ii)  Bonds/Undertaking documents;

  iii) Trial and Evidentiary Hearing Exhibits

  iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

  v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i) Depositions;

    ii) Declarations;

    iii) Exhibits (including exhibits to declarations);

    iv) Transcripts (including excerpts within transcripts);

    v) Points and Authorities;

    vi) Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document accompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

b) **Writs and Abstracts**

Writs and Abstracts must be submitted as a separate electronic envelope.

i) **Sealed Documents**

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) **Redaction**

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) **ELECTRONIC FILING SCHEDULE**

a) **Filed Date**

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) **EX PARTE APPLICATIONS**

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) **PRINTED COURTESY COPIES**

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) **WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS**

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*



**Consumer Attorneys Association of Los Angeles**

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

**Southern California Defense Counsel**

◆Southern California Defense Counsel◆

**Association of Business Trial Lawyers**

◆Association of Business Trial Lawyers◆



**California Employment Lawyers Association**

◆California Employment Lawyers Association◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**STIPULATION – DISCOVERY RESOLUTION**

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**                    Page 1 of 3



    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**The following parties stipulate:**

| | |
|---|---|
| Date: | ➤ |
| | (TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF) |
| Date: | ➤ |
| | (TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT) |
| Date: | ➤ |
| | (TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT) |
| Date: | ➤ |
| | (TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT) |
| Date: | ➤ |
| | (TYPE OR PRINT NAME) (ATTORNEY FOR _____) |
| Date: | ➤ |
| | (TYPE OR PRINT NAME) (ATTORNEY FOR _____) |
| Date: | ➤ |
| | (TYPE OR PRINT NAME) (ATTORNEY FOR _____) |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to discuss and consider whether there can be agreement on the following:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "CIM" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "CIM", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____  ▶  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date: _____

_____  ▶  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ▶  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ▶  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ▶  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____

Date: _____

_____  ▶  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____

Date: _____

_____  ▶  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**STIPULATION AND ORDER — MOTIONS IN LIMINE**

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. (If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 016 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER — MOTIONS IN LIMINE**

Page 1 of 2

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____
_____
(TYPE OR PRINT NAME)                          ▶ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____
_____
(TYPE OR PRINT NAME)                          ▶ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
_____
(TYPE OR PRINT NAME)                          ▶ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
_____
(TYPE OR PRINT NAME)                          ▶ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
_____
(TYPE OR PRINT NAME)                          ▶ _____
(ATTORNEY FOR _____)

Date: _____
_____
(TYPE OR PRINT NAME)                          ▶ _____
(ATTORNEY FOR _____)

Date: _____
_____
(TYPE OR PRINT NAME)                          ▶ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____                          _____
JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager Info@mediationLA.org (833) 476-9145

These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:** Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/18/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Monroe _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | **CASE NUMBER:** 21STCV22951 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Elaine Lu | 26 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     Sherri R. Carter, Executive Officer / Clerk of Court

on 06/21/2021 _____     By C. Monroe _____, Deputy Clerk
     (Date)

LACIV 190 (Rev 6/18)     **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**